New York Court of Appeals.

JOHN M. BRUCE, Plaintiff and Respondent, against WELLINGTON A. CARTER, Defendant and Appellant.

Conditions Precedent.—Independent Promises.—By a written agreement of settlement of two actions the defendants were to pay $6,000 in installments by notes payable at future dates, and when $3,000 of the notes were paid, the plaintiffs were to discontinue one of the actions, and were to give the defendants a general release, which was not to be operative, however, until all the notes were paid; and when all were paid, the second action was to be discontinued. The defendants paid the required $3,000, and defended the two notes in suit, upon the ground that the plaintiff had refused to give the required discontinuance and release.

Held, that the failure to give the discontinuance and release constituted no defense, as the promise to give the same was not in the nature of a condition precedent, but that the promises, although mutual, were independent.

Decided February 22, 1878; S. C., 72 N. Y. 616, in memoranda of cases not reported in full.

The plaintiff sued the defendant in the New York marine court, as the indorser of two promissory notes of $1,000 each, made by one Kelly. The notes in question were given upon a settlement of two actions. By the written agreement of settlement, the defendants in said actions were to pay $6,000, in installments, by notes payable at future dates, and when $3,000 of the notes were paid, the plaintiffs were to discontinue one of the actions, and were to give the defendants a general release, which was not to be operative, however, until all the notes were paid; and when all were paid, the second action was to be discontinued. The defendants paid the required $3,000, and defended the two notes in suit, upon the ground that the plaintiffs had refused to give the agreed discontinuance and release. Upon the trial before ALKER, J., the plaintiff recovered a verdict of $2,000, with interest and costs,

The defendant appealed to the general term of the marine court, where the appeal was argued before SHEA, Ch. J., and McADAM, J., and the general term (opinion filed by McADAM, J.) affirmed the trial judge, upon the sole ground that the failure to give the discontinuance and release constituted no defense, as the promise to give the same was not in the nature of a condition precedent, but that the promises, although mutual, were independent (citing 13 *Barb.* 297). Upon appeal to the court of common pleas, that court at general term affirmed the marine court, upon various grounds (7 *Daly,* 37). The plaintiffs in the meantime sued Kelly, the maker of the note, in the city court of Brooklyn, and that court decided (2 *Abb. N. C.* 81) contrary to the law as declared by the marine court, general term, and held that the failure to give the discontinuance and release constituted a complete defense to the action, and the maker, Kelly, succeeded. The court of common pleas, on account of the conflict of opinion, permitted a further appeal of the marine court action, against Carter, the indorser, to go to the court of appeals, and that court, by the following opinion, finally decided the conflict contrary to the view taken by the city court of Brooklyn.

*Geo. P. Avery,* for defendant and appellant.

*Alfred Stickney,* for plaintiff and respondent.

RAPALLO, J.—The main ground of defense to the notes in suit is that the discontinuance of the two actions described in the stipulation, and the delivery of the releases therein agreed to be given, were conditions precedent to the payment of the notes. This ground cannot be maintained. The notes were, it is true, given in pursuance of the stipulation, and the agreement therein contained to discontinue the suits and deliver the releases, and constituted the consideration, in part at least, for the notes. But the perform-

ance of that agreement was not made a condition precedent. The action in the supreme court, being the only one in which the appellant was a party, was not agreed to be discontinued until after all the notes should have been paid, and the releases, even if delivered, were, by the terms of the stipulation, not to become operative or binding until that time. The notes were made payable absolutely at a time certain, and their payment was not made dependent upon the delivery of the releases, or any other condition. The case is one of mutual but independent promises. It appeared in evidence, and was uncontroverted, that the notes were delivered to James J. A. Bruce, who held the legal title to the property involved in the litigation for the settlement of which the notes were given, the beneficial interest being in Emma B. Bruce, Eliore B. Melvin, and William C. Stout, and the defendant set up in his answer that these persons were the owners of the notes. James J. A. Bruce testified that he transferred the notes to the plaintiff in payment of money which he had advanced for the purpose of carrying on the litigation in question, and that he (James) had the assent of Mrs. Bruce, Miss Melvin, and Mr. Stout, to the use he made of the notes ; that they knew all about it and ratified it. There was no controversy as to these facts. The inquiries made on the trial, as to whether the defendant was an accommodation indorser, and whether the plaintiff was a *bona fide* holder, were quite immaterial, as no defense to the notes was disclosed. The judgment should be affirmed.

This case is reported here, because not fully reported elsewhere.